NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH SHANNON; et al., | No. 18-16697 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-00875-JAD-GWF |
| v. | |
| JOSEPH DECKER; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted February 6, 2020
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and ADELMAN,[**] District Judge.

Joseph Shannon, Penny Lucille Behrens, Christopher Robert Braggs, and Joseph Lopez Gomez, individually and on behalf of a class of partially permanently disabled persons who elected to receive permanent partial disability ("PPD") payments under Nevada's workers' compensation scheme in lump sum payments

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

(collectively, "Plaintiffs"), brought this putative class action in federal court under 42 U.S.C. § 1983 against current and former administrators of the Division of Industrial Relations ("DIR administrators").[1] Plaintiffs alleged that the DIR administrators violated their due process rights by failing to update the actuarial tables that insurers must use to calculate lump sum PPD payments under Nevada's workers' compensation scheme. The district court dismissed Plaintiffs' claims based on qualified immunity. Plaintiffs timely appealed. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's grant of qualified immunity de novo, but assuming all factual allegations in the complaint as true and construing them in the light most favorable to Plaintiffs, *see Keates v. Koile*, 883 F.3d 1228, 1234–35 (9th Cir. 2018), we affirm.

1. The district court properly concluded that the DIR administrators were entitled to invoke qualified immunity. "Qualified immunity shields only actions taken pursuant to discretionary functions." *F.E. Trotter, Inc. v. Watkins*, 869 F.2d 1312, 1314 (9th Cir. 1989). At the time that insurers calculated Plaintiffs' PPD benefits, Nevada law required only that the actuarial tables "be reviewed annually by a consulting actuary," not that the DIR revise or update the actuarial tables. Nev. Rev. Stat. § 616C.495(5). Because no Nevada statutes "specif[ied] the precise action

---

[1] The following current and former DIR administrators are named defendants in this action: Joseph Decker, Steve George, and Donald Soderberg.

that the [DIR] must take" after an actuary reviewed the actuarial tables, *Davis v. Scherer*, 468 U.S. 183, 196 n.14 (1984), the district court did not err in concluding that the DIR administrators had discretion to revise the actuarial tables used for calculating lump sum PPD payments.[2]

2.      The district court did not err in concluding that the DIR administrators were entitled to qualified immunity.  To overcome qualified immunity, a plaintiff must plead "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1130 (9th Cir. 2017).  Plaintiffs presented no law, statutory or decisional, at the required level of specificity[3] sufficient to give notice to the DIR administrators that they were obligated to change the discount rate or actuarial lives to conform with the annual review of the consulting actuary.  Because the law prevailing at the time of the DIR administrators' alleged misconduct did not clearly establish that the failure to update the actuarial tables violated Plaintiffs' due process rights, the DIR administrators were entitled to qualified

---

[2] To the extent that Plaintiffs' claim is based on the DIR administrators' alleged "false representation" in the D-13 form, Plaintiffs' claim fails.  Because the challenged statement in the D-13 form is consistent with the definition of "present value" under Nevada's workers' compensation scheme, the challenged statement in the D-13 form cannot be "false" as a matter of law.  *See* Nev. Rev. Stat. § 616C.495(5).

[3] *See Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).

3

immunity.

**AFFIRMED.**